**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 23-cv-20244-BLOOM/Otazo-Reyes**

MARC WOLF,

     Plaintiff,

v.

HYATT CORPORATION, *et al.*,

     Defendants.

_____/

## ORDER ON MOTION TO STAY

**THIS CAUSE** is before the Court upon Plaintiff Marc Wolf's Motion to Stay the Case, or in the Alternative, Extend Time to Serve Defendants, ECF No. [6] ("Motion"), filed on April 6, 2023. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Motion is granted in part and denied in part.

Plaintiff commenced this action on January 20, 2023. ECF No. [1]. Pursuant to Federal Rule of Civil Procedure 4(m), his deadline to serve the Defendants is April 20, 2023. *See* ECF No. [5] (warning that failure to serve by that date will result in dismissal of this action).

In his Motion, Plaintiff seeks a stay of this case or a stay of the service deadline until the Honorable James Lawrence King issues a ruling on a motion to dismiss in a separate case that Plaintiff's counsel has filed against some of the same Defendants. ECF No. [6]. He argues that a ruling in that case might "be helpful authority for this Court to consider," "simplify the matter before this Court," conserve "judicial resources," and give "the Court more clarity on how to evaluate this case[.]" *Id.* at 2-3.

Case No. 23-cv-20244-BLOOM/Otazo-Reyes

Rule 4(m) permits extensions of the service deadline for "good cause." "Good cause exists 'when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009) (quoting *Lepone–Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir.2007)). Plaintiff has pointed to no such outside factor. Rather, he essentially argues that it would be more convenient for Plaintiff's counsel and possibly more efficient for the Court to stay the service deadline. Those are not valid reasons for the requested stay, and they are not "circumstances" that otherwise "warrant an extension of time[.]" *Id.* (quotation marks omitted).

Nonetheless, "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Id.* (quotation marks omitted). The Court exercises its discretion to grant Plaintiff an additional 14 days to serve Defendants.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [6]**, is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiff's deadline to serve Defendants is **extended to May 4, 2023**.

3. Failure to effectuate service of a summons and the complaint on Defendants by the stated deadline will result in dismissal without prejudice and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 7, 2023.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record